UNITED STATES COURT OF APPEAL

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FORTUNE DYNAMIC, INC., a California Corporation, | ) No. 08-56291<br>) D.C. No. 02:07-cv-02962-R-JTL<br>) |
| Plaintiff – Appellant, | ) AMENDED APPELLANT'S NOTICE OF<br>) REPORTER'S TRANSCRIPT TO BE |
| vs. | ) ORDERED AND STATEMENT OF<br>) ISSUES APPELLANT INTENDS TO |
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., a Delaware Corporation, | ) PRESENT ON APPEAL<br>)<br>)<br>) |
| Defendant – Appellee. | )<br>) |

Appellant's Notice of Reporter's Transcript to be Ordered timely filed on August 18, 2008, was revised by Notice of Errata filed on September 3, 2008 to correct the date **April 28, 2008** in place of the incorrect date, April 18, 2008 as the date of the Motion for Summary Judgment hearing transcript to be ordered. In addition, pursuant to Circuit Rule 10-3.1(a), the statement of issues appellant intends to present on appeal is attached as Attachment "A."

Dated: September 11, 2008        **HUANG, FEDALEN & LIN, LLP**
*A Partnership of Law Corporations*

James C. Fedalen – State Bar No. 89184
Angela P. Lin – State Bar No. 227715
Gail Sanes – State Bar No. 109887
16633 Ventura Boulevard, Suite 1420
Encino, California 91436
Telephone: (818) 377-9000
Facsimile: (818) 377-9001
E-Mails: jfedalen@hfl-lawyers.com
            alin@hfl-lawyers.com
            gsanes@hfl-lawyers.com
*Attorneys for Plaintiff/Appellant, Fortune Dynamic, Inc.*

## ATTACHMENT "A"

A.  Judgment ("Judgment") was rendered in this action by Honorable Manuel Real on May 20, 2008, granting Defendant Victoria Secret's Motion for Summary Judgment ("MSJ Motion"). The Judgment of dismissal with prejudice:

(A) reflects manifest error, since (i) Fortune presented substantial evidence on the question of the likelihood of confusion over, and Defendant's "fair use" of Fortune's trademark, "Delicious," which evidence as a matter of law should be submitted to the jury, and (ii) Fortune as a matter of law has the right to present additional evidence and testimony, including experts, at trial before a jury which should weigh such evidence, and (iii) the Court has improperly usurped the jury's necessary role in this trademark action by *electing to weigh the evidence* during summary judgment, and

(B) demonstrates manifest prejudice due to the Court's wholesale adoption of Defendant's Proposed Findings of Fact and Conclusions of Law ("Findings") and entering the Judgment based thereon *at approximately 3:30 p.m.* on May 20, 2008.

B.  The Court did not consider Fortune's Objections ("Objections") to the Proposed Findings, which Objections were timely filed and served on May 20, 2008, *at approximately 5:30 p.m.* (well before the midnight deadline for an ECF filing,

pursuant to Paragraph IV.J of General Order No. 08-02 of the United States District Court for the Central District of California and without the benefit of the 3-day extension for time to respond for papers that are served electronically, pursuant to F.R.C.P. 6(d)), and which Objections are properly a matter of record in this action.

C.  Principal Issues to be raised on appeal.

1. The Findings and Judgment are contrary to law in that the pivotal determinations in this case of the likelihood of confusion created by Victoria Secret's use of Fortune's DELICIOUS® trademark and the question of Victoria Secret's fair use of Fortune's DELICIOUS® trademark are determinations that should be made by a jury comprised of ordinary consumers who can weigh the evidence submitted by the parties and not by the district court judge.

2. The Findings and Judgment are contrary to the evidence in that the pivotal determinations in this case of the likelihood of confusion created by Victoria Secret's use of Fortune's DELICIOUS® trademark and the question of Victoria Secret's fair use of Fortune's DELICIOUS® trademark depend upon a plethora of documentary, demonstrative, and testimony evidence, which create numerous triable issues of fact that should be weighed by a jury comprised of ordinary consumers and not by the district court judge.

3. The Court factually and legally erred in finding that the *characteristics* of Defendant's use of Fortune's DELICIOUS® trademark were not used in a trademark

manner in connection with a comprehensive marketing campaign to further and promote its image as a "sexy brand" as otherwise evidenced by Defendant's trademark use of the descriptors "Very Sexy" and "Pink" much in the same manner as its use of the DELICIOUS® trademark. [Finding Nos. 6-8.]

4. The Court factually erred in finding that the *duration* of Defendant's use of Fortune's DELICIOUS® trademark lasted for approximately 30 days when uncontroverted facts show that Defendant's use in fact occurred over at least a 180-day period. [Finding Nos. 1-3.]

5. The Court factually erred in finding that impliedly only *de minimis financial implications* were involved in Defendant's use of Fortune's DELICIOUS® trademark on Defendant's tank-tops in that (i) Defendant "gave away" the "Delicious" tank-tops [Finding Nos. 3 and 5] and (ii) Fortune's licensing arrangements with Chaz and expansion of its trademark rights under its DELICIOUS® trademark occurred after the commencement of the present lawsuit. [Finding Nos. 9-10.]

6. The Court factually and legally erred in finding that Defendant lacked *intent* to infringe Fortune's DELICIOUS® trademark. [Finding Nos. 4 & 8.]

7. The Court factually erred in finding that the *linguistic implications* of Defendant's use of Fortune's DELICIOUS® trademark are limited to conveying "an attractive quality of a product." [Finding No. 6.]

8. The Court factually erred in finding that Defendant's *purpose* in using

Fortune's DELICIOUS® trademark on Defendant's tank-tops was solely to promote Defendant's BEAUTY RUSH collection. [Finding Nos. 1-3.]

9. The Court factually erred in finding that the *scope* of Defendant's use of Fortune's DELICIOUS® trademark was limited in duration (see No. 4, above), meaning (see Nos. 3 and 7, above), and purpose (see No. 8, above).

10. The Court also erred in failing to make the following findings:

    a. Fortune, a California corporation, is a designer and distributer of fashionable footwear under several brand names.

    b. One of Fortune's footwear brands is DELICIOUS®, a line of footwear marketed to young women from 15 to 24 who want to look sexy; Fortune has been selling footwear under the DELICIOUS® mark since 1997.

    c. Fortune obtained Registration No. 2,216,419 for the DELICIOUS® trademark on January 5, 1999.

    d. The registration for the DELICIOUS® trademark is incontestible.

    e. DELICIOUS® footwear is sold in authorized retail outlets throughout the United States.

    f. In the fall of 2006, several months before the sales and promotional event in which the tank top with "Delicious" on the front and a Beauty Rush lip gloss were used as a Gift with Purchase ("GWP") and a Purchase with Purchase ("PWP"), Victoria's Secret had used a black tank top with its "Very Sexy" brand/trademark

written on the front in pink crystals and a tube of Very Sexy lip gloss as a GWP to launch its Very Sexy Makeup line, intending for "Very Sexy" to be a positive self-descriptor of the wearer as well as the brand name and trademark.

g. Although Victoria's Secret Beauty has a legal department that it consults with and that conducts searches to check words and names that it wants to use, Victoria's Secret Beauty did not run the word "Delicious" through its legal department to do a search before using "Delicious" on the tank tops that were to be a GWP and PWP.

h. Victoria's Secret offers for sale Victoria's Secret Pink brand/trademark pants with the word "PINK" in capital letters in a stylized typeface on the rear.

i. One of Fortune's experts, Dean K. Fueroghne, an advertising and marketing professional for over 40 years and a qualified expert witness regarding advertising and marketing issues, opined that the word "Delicious," as used by Victoria's Secret on the tank top, displays the characteristics associated with a trademark and gives the impression of being a logo or trademark.

j. Fortune's other expert, Howard Marylander, who has designed and conducted approximately 45 consumer surveys and has previously qualified as an expert in consumer surveys to determine likelihood of confusion, opined that the results of the survey he designed and conducted in this case reflect a significant likelihood of confusion. Without any reference to Mr. Marylander's qualifications,

methodology, selection of appropriate respondents, applicability of his survey to the facts of the case, or any other aspect of the survey, the Court found that "evidence of confusion in the survey is unreliable and inadmissible."

k. Evidence regarding the strength of Fortune's DELICIOUS® mark includes the facts that: (i) the DELICIOUS® trademark that Fortune obtained in 1999 is incontestible; (ii) DELICIOUS® footwear is sold in authorized retail outlets throughout the United States; (iii) Fortune expends an average of $350,000 per year advertising and promoting its brands and shoe styles; (iv) Fortune has sold millions of pairs of DELICIOUS® brand shoes, including 2,861,532 pairs in 2005; 4,446,918 pairs in 2006; and 5,206,050 pairs in 2007; and (v) DELICIOUS® footwear is featured in numerous style and fashion pieces published every year in magazines for young women, such as "Cosmo girl", "Elle girl," "Teen People," "Twist," "In Touch," "Seventeen", "Latina," "ym," "Shop," "CB," "marie claire," and "Life & Style."

11. The Court erred in making no "fact" Findings to address (i) the strength of Fortune's DELICIOUS® trademark, (ii) the relatedness of the Fortune and Chaz DELICIOUS® footwear and accessories versus Defendant's "Delicious" tank-top, (iii) the similar characteristics of Fortune's versus Defendant's use of the "Delicious" mark, (iv) evidence of confusion (Marylander survey ruled inadmissible, see below), (v) the comparative market channels used by both parties, to wit, the Internet, brochures, etc., (vi) the type of each party's goods, or (vii) the likelihood of

expansion of product lines other than the Finding that Fortune's deal with Chaz was finalized after the commencement of this action.

12. The Court erred, since the "legal" Finding Nos. 15-31 assumed facts not in evidence in "fact" Finding Nos. 1-10.

13. The Court erred by failing to adopt Additional Finding Nos. 11-21 in the Objections, which Additional Findings do address the *Sleekcraft* factors based on the evidence submitted in opposition to Defendant's MSJ Motion.

14. The Court erred in entering the Judgment for the Defendant, since:

    a. Each and every Finding identified in Paragraphs 1-9, above, represent manifest error, since each is directly controverted by both documentary and testimony evidence submitted by both Fortune *and Defendant*, which evidence should be presented to and *weighed by a jury* in accordance with a plethora of U.S. Supreme Court and Ninth Circuit Court of Appeals authority on the role of the jury in trademark litigation.

    b. Each and every finding not made by the Court as identified in Sub-Paragraphs 10.a through 10.k, above, are directly supported by both documentary and testimony evidence submitted by Fortune, so that the Court's failure to make said findings represents manifest error, since such evidence should be presented to and *weighed by a jury* in accordance with a plethora of U.S. Supreme Court and Ninth Circuit Court of Appeals authority on the role of the jury in trademark actions.

c. The Court erred in adopting Defendant's Proposed Findings prior to the procedurally mandated time for Fortune to submit its Objections so that the Court's wholesale adoption of Defendant's Proposed Findings reflects prejudicial error in violation of unequivocal holdings of the Ninth Circuit Court of Appeals, which condemn a District Court blindly adopting the prevailing party's proposed findings of fact and conclusions of law.

d. The Court erred in ruling inadmissible the testimony and survey of Fortune's qualified experts, Dean K. Fueroghne and Howard Marylander[1], by adopting Defendant's Proposed Findings (as to Conclusions of Law) Nos. 44-52 prior to the procedurally mandated time for Fortune to submit its Objections so that the Court's wholesale adoption of Defendant's Proposed Findings in general, and in particular with respect to Fortune's experts, represents prejudicial error in violation of holdings of the Ninth Circuit Court of Appeals, which apply the principles established in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), concerning the admissibility of expert testimony and reports.

15. The Court erred in denying Fortune's Motion to Alter or Amend the Judgment, pursuant to F.R.C.P. 59(e), for the substantially the same reasons set

---

[1] It should be noted that the Court neither made any such ruling on the admissibility of Mr. Fueroghne's testimony during the MSJ hearing nor made any other evidentiary rulings prior to or during the MSJ hearing. See Transcript of Proceedings for April 28, 2008 hearing on MSJ Motion ("MSJ Transcript") at pages 8:19-9:4.

forth above in regard to the Court's improper grant of of the MSJ Motion, and by ruling that Fortune's 59(e) Motion be denied, since there were no new issues of law or fact before the Court, when in fact Fortune's 59(e) Motion was based upon the *manifest errors and prejudice* committed by the Court in (i) ruling on the MSJ Motion, (ii) adopting wholesale Defendant's Findings, and (iii) utterly disregarding Fortune's Objections.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 16633 Ventura Blvd., Suite 1420, Encino, CA 91436.

On September 10, 2008, I served the foregoing document described as **AMENDED APPELLANT'S NOTICE OF REPORTER'S TRANSCRIPT TO BE ORDERED AND STATEMENT OF ISSUES APPELLANT INTENDS TO PRESENT ON APPEAL** on the interested parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

### SEE ATTACHED SERVICE LIST

__X__          **(BY MAIL)** As follows:

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

-1-

-2-

__      **(BY PERSONAL SERVICE)**

I delivered such envelope(s) by hand to the offices of the addressee(s).

_X_      **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 11, 2008**, at Los Angeles, California.

_____
Shirley Lindsey

## SERVICE LIST

Diana M. Torres, Esq.
Timothy M. Martin, Esq.
Michael Jay, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, California 90071-2699
Tel: (213) 430-6000
Fax: (213) 430-6407
*Attorneys for Defendant, Victoria's Secret*

Frank J. Colucci, Esq.
David M. Dahan
**Colucci & Umans**
218 East 50th Street
New York, New York 10022-7681
Tel: (212) 935-5700
Fax: (212) 935-5728
*Attorneys for Defendant, Victoria's Secret*